**SIGNED this 17th day of January, 2012**

_____
John C. Cook
UNITED STATES BANKRUPTCY JUDGE

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Luis H. Rivas** | ) | **No. 08-12333** |
| | ) | **Chapter 7** |
| **Debtor** | ) | |

# MEMORANDUM

This case is before the court on objections to the claims of John S. Haynes, Kenneth D. Haynes, and Carole A. Haynes filed by the chapter 7 trustee on June 20, 2011, and on a motion to reconsider filed by Beecher R. Hinds on August 4, 2011, seeking relief from an order sustaining an objection by the trustee to his claim. Specifically, the claimants dispute that the trustee is entitled to the subordination of portions of their claims because their proofs of claim were not timely filed. Mr. Hinds filed his motion to reconsider within 14 days after the entry of the order subordinating his claim, so the more liberal standards of Fed. R. Civ. P. 59, applicable by virtue of Fed. R. Bankr. P. 9023, apply to that motion and the trustee does not dispute that the order may be set aside if he is not entitled to subordination of the claim.

**I.**

The facts necessary to a determination of this matter are not in dispute. This case was commenced by an involuntary petition filed on May 15, 2008. On June 10, 2008, an order for relief was entered pursuant to 11 U.S.C. § 303(h). Also on June 10, 2008, the clerk sent the regular form notice of the chapter 7 bankruptcy case, meeting of creditors, and various deadlines to fourteen interested parties as shown by the certificate of service filed on June 12, 2008. The *pro se* debtor, who was later convicted of operating a Ponzi scheme and defrauding his many creditors, did not file a list of creditors or any schedules. Also, neither the trustee nor any other party filed a list of creditors pursuant to Fed. R. Bankr. P. 1007(k).

The original notice that was sent out to the limited number of interested parties who had made an appearance in the case as of June 10, 2008, stated that there did not appear to be any property available to the trustee to pay creditors, and that creditors should not file proofs of claim at that time. The notice further stated that, if it later appeared there were assets available for distribution, creditors would be sent another notice instructing them to file proofs of claim and providing notice of the deadline for doing so. In the meantime, numerous creditors filed proofs of claim in the case or filed notices of appearance.

Subsequently, on August 18, 2008, a Notice of Need to File Proof of Claim pursuant to Bankruptcy Rule 2002(e) was served by the clerk on parties who had filed proofs of claim or entered notices of appearance. The certificate of service filed on August 21, 2008, lists 306 interested parties who were served with the notice by mail. That notice informed creditors that the claims bar date was November 17, 2008. Because John Haynes, Kenneth Haynes, Carole Haynes, and Beecher Hinds had not entered appearances in the case or filed a proof of claim,

they were not added to the creditor matrix and thus did not receive the notice of the claims bar date. There was no formal notice by publication of the bar date.

On March 9, 2009, Beecher Hinds filed a proof of claim asserting a claim in the amount of $150,000.00; and, on December 29, 2010, John Haynes, Kenneth Haynes, and Carole Haynes filed proofs of claim asserting claims in the amounts of $400,000.00, $250,116.06, and $87,586.00, respectively. The trustee filed objections to each of these creditors' claims, seeking to subordinate portions of the claims on the basis that they were all tardily filed after the claims bar date of November 17, 2008. All of these claimants reside in Hamilton County, Tennessee, and there is no dispute that all of the claimants had actual knowledge of the bankruptcy case in time for timely filing a proof of claim in the case. All four claimants have stipulated that they were "aware of the bankruptcy filing against Debtor prior to the bar date of November 17, 2008," and Mr. Hinds further stipulated that he "did not take any action to place himself on a creditor matrix in this case or otherwise apprise the Court of his claim as a creditor." The question presented is whether subordination of the untimely claims is appropriate even though the claimants did not receive notice of the claims bar date from the clerk's office.

## II.

Section 726(a) of the Bankruptcy Code provides that the property of a chapter 7 estate is to be distributed first on account of unsecured priority claims, and second on account of timely filed unsecured nonpriority claims. 11 U.S.C. § 726(a)(1), (2). Under § 726(a)(2)(C), if two requirements are satisfied, tardily filed unsecured nonpriority claims are treated as if the proofs of claim were timely filed; otherwise, under § 726(a)(3), those claims are relegated to third priority. The two requirements are that the proof of claim was filed in time to permit payment on the

claim – which is not in dispute here – and that "the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim." The claimants before the court did not have "notice" of the case in time to file a timely proof of claim, but they did have "actual knowledge" of the case in time to do so. Accordingly, under the plain meaning of the statute, their claims are relegated to third priority. Case law applying the provisions of § 726(a)(2)(C) and (3) in chapter 7 cases appears to be uniform in concluding that, even if a creditor failed to receive notice of the claims bar date from the clerk's office, if that creditor nevertheless had actual knowledge of a bankruptcy case in time to have filed a claim before the bar date, the creditor's untimely filed claim is subordinated to timely filed claims. The courts also hold that holding creditors to the bar date when they have notice or actual knowledge of a case in time to file a timely proof of claim is consistent with the requirements of due process. *E.g.*, *In re DVB, Inc.*, 435 B.R. 738, 741 (Bankr. S.D. Fla. 2010) (citing *Ford Bus. Forms, Inc. v. Sure Card, Inc. (In re Ford Bus. Forms, Inc.)*, 180 B.R. 294, 297-98 (S.D. Fla. 1994)).

For example, in *In re Claims Group Administrators, Inc.*, 181 B.R. 329 (Bankr. E.D. Tenn. 1995), the court was asked to subordinate the Tennessee Department of Revenue's priority and nonpriority claims on account of the untimeliness of its proof of claim. This court ordered the nonpriority portion of the claim subordinated because, "[a]lthough the Department did not receive notice of the claims bar date, it did have notice of the debtor's bankruptcy case as of July 9, 1992 [two months before the bar date] and thereafter tardily filed its Proof of Claim seven days after the bar date." *Id.* at 330, 335 n.12; *accord*, *e.g.*, *Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.)*, 920 F.2d 1428, 1433-34 (9th Cir. 1990) (affirming subordination of claim of unscheduled creditor that never received notice of bar date but did have knowledge of case in

time to file timely proof of claim); *Schlant v. FDIC (In re P & L Credit and Collection Servs., Inc.)*, 248 B.R. 32 (W.D.N.Y. 2000).

Mr. Hinds argues that subordination of his untimely filed claim should not occur where the claimant did not receive the court's official notice of the deadline for filing proofs of claim, because neither the debtor nor the trustee filed a list of creditors. The claimant also contends that subordination should not apply when the bar date is set by an order of the court rather than the Federal Rules of Bankruptcy Procedure. However, the court finds no ambiguity in § 726(a)(2)(C) and (3): they explicitly provide for the subordination of "tardily" filed proofs of claim in chapter 7 cases when the claimant either received notice of the case or had actual knowledge of the case in time to have filed a timely proof of claim. And there is no question that a "tardily filed claim" is "a claim filed after the claims bar date established by the Bankruptcy Court or the Bankruptcy Rules." *P & L Credit & Collection Servs.*, 248 B.R. at 35.

Congress determined through enactment of § 726(a)(2)(C) and (3) to place a burden on a claimant to find out the claims bar date once it learns of the pendency of the bankruptcy case. *See In re Schemper*, 303 B.R. 385, 389 (Bankr. N.D. Iowa 2003) ("Notwithstanding that the [claimant] may not have received the notice of the claims filing deadline, it should have monitored the case to protect its interests."). Presumably, the burden placed on the creditor by Congress stems from a belief that it is reasonable to expect that an unlisted creditor that learns of the pendency of a bankruptcy case, but that has received no notice or any paper relating to the case, will make inquiry about the case and any deadlines, and will request that it be added as an interested party for purposes of receiving notices. Mr. Hinds and the others whose claims are sought to be subordinated in this case simply did not bear the duty that the statute placed on them. Con-

gress determined that "the normal subordination penalty" should not apply "when the tardy filing is not the result of a failure to act by the creditor." H.R. Rep. No. 95-595, at 347 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6338; S. Rep. No. 95-989, at 95 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5883. The tardiness of the Haynes and Hinds proofs of claim did result from the claimants' failure to act.

### III.

In sum, the court does not see how it can ignore the plain language of the statute enacted by Congress. Accordingly, the court will enter an order denying the motion to reconsider filed by Beecher Hinds. Likewise, the Haynes claimants do not dispute that portions of their claims are subject to disallowance, and so the court will enter orders sustaining the trustee's objections to the allowance of portions of their claims and the remainders will be subordinated.

# # #